UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROD ANTHONY HUFF, | Case No. CV 21-06993 AB (RAO) |
| Petitioner, | MEMORANDUM AND ORDER RE SUMMARY DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS AND DENIAL OF CERTIFICATE OF APPEALABILITY |
| v. | |
| UNITED STATES, | |
| Respondent. | |

## I.     BACKGROUND

On August 27, 2021, Petitioner Rod Anthony Huff, who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition").  Dkt. No. 1.  The Petition, which is alternatively titled "Criminal Complaint," alleges that Petitioner has been placed on an "involuntary medication order with the intent to cause death." *Id.* at 1. Petitioner seeks a restraining order against Ronald Owen Kaye, the individual he alleges is responsible and also asks that criminal charges be filed. *Id.* at 2.

## II.     LEGAL STANDARD

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court may dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

### III.   DISCUSSION

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L. Ed.2d 439 (1973).  Thus, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500.

Here, Petitioner, who appears to be currently incarcerated at Twin Towers Correctional Facility, is not attacking the legality or duration of any confinement. Because there is no claim before the Court that Petitioner is in custody in violation of federal law, the Court cannot entertain the Petition as a petition for writ of habeas corpus.

If a habeas petition is amenable to conversion into a civil rights claim on its face, meaning that it names the correct defendants and seeks the correct relief, then the Court may construe the Petition to plead a cause of action under 42 U.S.C. § 1983 after notifying and obtaining informed consent from the petitioner.  *Nettles v. Grounds*, 830 F.3d 922, 936 (9th Cir. 2016) (en banc).

To state a claim under Section 1983, a plaintiff must plead that a "person" acting under color of state law caused a deprivation of plaintiff's federal constitutional rights or limited federal statutory rights. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed.2d 40 (1988).  Here, Petitioner fails to sufficiently allege any facts demonstrating a deprivation of his constitutional rights.  Moreover, Ronald Owen Kaye, the only individual named by Plaintiff, is a Los Angeles County Superior Court judge who has judicial immunity from suit for injunctive relief for acts taken in a judicial capacity. *See Wolfe v. Strankman*, 392 F.3d 358, 366 (9th Cir. 2004).

///

1       Accordingly, the Court declines to convert this action into a civil rights

2   complaint.

3   **IV.   CERTIFICATE OF APPEALABILITY**

4       Under the Antiterrorism and Effective Death Penalty Act of 1996, a petitioner

5   seeking to appeal a district court's final order in a habeas corpus proceeding must

6   obtain a Certificate of Appealability ("COA") from the district judge or a circuit

7   judge.  28 U.S.C. § 2253(c)(1)(A).  A COA may issue "only if the applicant has made

8   a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

9   "A petitioner satisfies this standard by demonstrating that jurists of reason could

10  disagree with the district court's resolution of his constitutional claims[.]"  *Miller-El*

11  *v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 154 L. Ed.2d 931 (2003).

12      When the Court dismisses a petition on procedural grounds, it must issue a

13  COA if the petitioner shows: (1) "that jurists of reason would find it debatable

14  whether the petition states a valid claim of the denial of a constitutional right"; and

15  (2) "that jurists of reason would find it debatable whether the district court was

16  correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 478, 120 S. Ct.

17  1595, 146 L. Ed.2d 542 (2000).

18      Here, the Court is summarily dismissing the Petition because the Court has

19  determined that Petitioner has failed to state a cognizable claim for habeas relief.  The

20  Court finds that Petitioner cannot make the requisite showing that jurists of reason

21  would find it debatable whether the district court was correct in its procedural ruling.

22  **V.   ORDER**

23      Based on the foregoing, IT IS ORDERED THAT:

24      1.  The Petition is **DISMISSED** without prejudice; and

25      2.  A Certificate of Appealability is **DENIED.**

26  DATED: August 31, 2021

27  _____

28  ANDRÉ BIROTTE JR.
       UNITED STATES DISTRICT JUDGE

3